IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAYMOND GLASPER,** | |
| Petitioner, | |
| v. | Case No. 3:23-CV-00767-NJR |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Petitioner Raymond Glasper's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Glasper contends that his conviction and corresponding sentence for producing child pornography must be vacated because he received ineffective assistance from his trial counsel in violation of his Sixth Amendment rights. For the reasons set forth below, Glasper's section 2255 motion is denied.

### BACKGROUND

Glasper's criminal case dates to March 2011, when he was charged with producing child pornography (Count I) and attempting to produce child pornography (Count II). *See United States v. Glasper*, No. 3:11-cr-30053-NJR (S.D. Ill.), Doc. 1. In that matter, he was represented by Assistant Federal Public Defender Todd Schultz.

The conduct for which Glasper was charged occurred between May and October 2008. After Glasper was arrested for an unrelated traffic offense, officers found a micro-SD card in the center console of his vehicle that contained videos of two minor females,

one of whom was nude and standing in a bathtub being videotaped, and the other whom Glasper surreptitiously recorded as she entered and exited the shower. (Doc. 52). One of the minors was Glasper's eight-year-old niece. (Doc. 32). In the video, Glasper can be heard telling the victim to pose while standing nude in the bathtub. Glasper also directed her to show her feet and zoomed in on her breasts, feet, and genitalia.

The other minor was Glasper's own 15-year-old daughter. Glasper hid a camera behind a towel with a hole cut in it and recorded her while she was nude, getting in and out of the shower. There were also numerous videos of Glasper zooming in on his daughter's buttocks or feet while she was engaged in regular activities, as well as videos of Glasper sneaking into her room at night, with a flashlight, so he could videotape her buttocks and feet while she was asleep.

On September 23, 2011, Glasper pleaded guilty to Count I of the indictment pursuant to a plea agreement. (Doc. 5-1). By the parties' agreement, the Government agreed to dismiss Count II at the time of sentencing. In exchange, Glasper agreed to waive most of his rights to seek review of his conviction and sentence. (*Id.* at pp. 8-9).[1] Following Glasper's guilty plea, the United States Probation Office prepared an initial presentence report ("PSR"). (*Glasper*, *supra*, Doc. 43). The PSR recommended a 360-month sentence based on a total offense level of 42 and a criminal history category of II. Glasper objected to the PSR, arguing among other things that a five-point enhancement in U.S.S.G. § 4B1.5(b)(1) did not apply. He reasoned that the video recording of his daughter

---

[1] He retained the right to challenge the reasonableness of his sentence if the Court imposed a sentence in excess of the Sentencing Guidelines.

amounted to video voyeurism, which would not trigger the application of that guideline. (Doc. 5-2, pp. 5-6). The Government opposed Glasper's objection. (*Glasper*, *supra*, Doc. 47). Glasper also filed a sentencing memorandum seeking a 192-month sentence. (*Glasper*, *supra*, Doc. 54).

Eventually, the parties came to an agreement by which Glasper would withdraw his objections to the PSR in exchange for a joint recommendation that he receive a 240-month sentence. (Doc. 5-4). He also agreed to modify the waiver provision of his plea agreement so that he could challenge the reasonableness of his sentence only if it exceeded 240 months. (*Id.* at p. 2). Glasper appeared before the Honorable G. Patrick Murphy for sentencing on March 5, 2012. Judge Murphy accepted the parties' joint recommendation and sentenced Glasper to 240-months incarceration, to be followed by a five-year term of supervised release, a $1,000 fine, and a $100 special assessment. (*Glasper*, *supra*, Doc. 59). Judgment was entered the next day. (*Glasper*, *supra*, Doc. 61).

Glasper did not appeal. In May 2020, he filed a motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2), citing a variety of physical ailments. (*Glasper*, *supra*, Docs. 64, 70) The Court denied his motion on October 29, 2020, and the court of appeals affirmed the decision. *See United States v. Glasper*, No. 11-30053, 2020 WL 6363703, at *1 (S.D. Ill. Oct. 29, 2020), *aff'd*, 854 F. App'x 748 (7th Cir. 2021). On November 9, 2023, Glasper filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582 and Amendment 821 to the U.S. Sentencing Guidelines. (*Glasper*, *supra*, Doc. 89). The Court denied the motion on February 14, 2024, concluding that Glasper was ineligible for a sentence reduction. (*Glasper*, *supra*, Doc. 97). Glasper filed two further motions for a

reduction in sentence in April 2024 and March 2025. (*Glasper*, *supra*, Docs. 99 & 107). He cited a variety of physical health conditions and contended that his sentence was erroneously enhanced by the application of § 4B1.5. Finding that none of Glasper's arguments constituted extraordinary and compelling reasons warranting a reduction in his sentence and that the 18 U.S.C. § 3553(a) factors did not favor release, the Court denied his motion. (*Glasper*, *supra*, Doc. 108).

Glasper presently is incarcerated a FCI Forrest City Low and is scheduled to be released on November 10, 2027. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Jan. 26, 2026).

The present proceedings concern Glasper's motion to vacate his conviction and sentence under 28 U.S.C. § 2255, his first such motion, which was filed on March 2, 2023. (Doc. 1). Upon preliminary review, the Court ordered the Government to file a response. (Docs. 2 & 5). Glasper later filed a reply brief. (Doc. 6).

## LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides a federal prisoner with a post-conviction remedy to test the legality of their detention "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States,* 467 F.3d 1063, 1068 (7th Cir. 2006)). Thus, it "is available only in extraordinary situations, such as an error of constitutional or jurisdictional

magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted).

## DISCUSSION

Glasper contends that he is entitled to relief because (1) he did not qualify for the § 4B1.5 sentencing enhancement as he had no prior sex offense convictions, (2) his trial counsel was ineffective for conceding that the guideline applied, and (3) he should have been evaluated by a forensic psychiatrist to ascertain whether he was capable of understanding the criminality of his conduct at the time of the offense. In response, the Government argues Glasper's motion is untimely, coming approximately eleven years after his conviction became final. It adds that Glasper's plea agreement bars his first and third claims, that he procedurally defaulted on those claims by failing to present them on direct appeal, and his ineffective assistance claim fails on the merits. The Court agrees with the Government that Glasper's motion is untimely and therefore does not reach any other argument.

A motion for relief under 28 U.S.C. § 2255 is subject to a one-year limitations period, which runs from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

>   Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In a typical case, the limitations period will begin to run under subsection (f)(1) of § 2255, or the date on which the challenged conviction becomes "final." *Id.* § 2255(f)(1). Where a defendant does not seek direct review, as here, finality coincides with the expiration of the deadline to file a notice of appeal, *see Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013), generally 14 days after the entry of judgment, Fed. R. App. P. 4(b)(1)(A)(i). Here, Glasper's conviction became final for purposes of 28 U.S.C. § 2255(f)(1) on March 20, 2012—14 days from the date of judgment. The ordinary limitations period would thus have expired one year later—on March 14, 2013. Glasper did not file his Section 2255 motion until March 2, 2023, however, nearly ten years after the deadline.

Thus, Glasper must rely on one of the alternative limitations provisions. He appears to invoke subsection (f)(4), writing that "[t]hese errors/wrongs were not discovered until recently." (Doc. 1, p. 11). In his reply brief, he claims that he was "recently contacted by several legal advocacy groups" who informed him that the application of § 4B1.5 to his sentence was erroneous. (Doc. 6, p. 2). Glasper says he received correspondence from these organizations on February 15, 2023, and February 21, 2023. (*Id.*). He adds that he did not know his mental health conditions could furnish a basis to question the validity of his conviction and sentence until "February 23, 2023 @ 2:15pm CST." (*Id.*). These points fail to persuade.

Section 2255(f)(4) allows the one-year statute of limitations to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Glasper's claims, however, are legal arguments he could have raised at the time of his conviction and are not based on any new facts. It is well-settled that subsection (f)(4) "is not triggered when a petitioner discovers or understands a new legal decision or theory." *United States v. Hayes*, No. 19-50104, 2020 WL 2112367, at *2 (N.D. Ill. May 4, 2020) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). "[T]he question for federal purposes is when [the petitioner] learned about the new 'fact' rather than when he recognized its legal significance." *Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005) (citing *Owens,* 235 F.3d at 359). Whether § 4B1.5 properly applied to the facts here is a purely legal question. One—perhaps—could argue that a change in mental health that gives a defendant new perspective on his prior capacity could be considered a new fact not capable of earlier discovery. Glasper makes no such allegation here, however.

Of course, § 2255's limitations period is subject to equitable tolling. *Nolan v. United States*, 358 F.3d 480, 483 (7th Cir. 2004). However, "the threshold necessary to trigger equitable tolling is very high[.]" *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). A petitioner seeking equitable tolling "must show: (1) that [they have] been pursuing [their] rights diligently; and (2) that some extraordinary circumstance stood in [their] way and prevented timely filing." *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). In establishing diligence, a petitioner must demonstrate their "reasonable effort throughout the limitations period"

beyond "mere conclusory allegations of diligence[.]" *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) (citing *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016)). "[S]imple legal errors, such as ignorance of the federal deadline, do not suffice." *Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020). Extraordinary circumstances exist only where an external factor beyond the petitioner's control caused the delay in filing. *Lombardo*, 860 F.3d at 552 (citing *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016)).

Glasper does not invoke explicitly the equitable tolling doctrine, and the Court is unable to derive from his motion any extraordinary circumstances that would warrant tolling in any event. *Cf. Famous v. Fuchs*, 38 F.4th 625, 631 (7th Cir. 2022) ("[I]n general, a petitioner's lack of knowledge of governing legal rules does not justify the invocation of statutory or equitable tolling."). For these reasons, the Court concludes that Glasper's Section 2255 motion is procedurally barred as untimely.[2]

## CONCLUSION

Glasper's claims are procedurally barred because they are untimely, and he has not established an entitlement to equitable tolling. For the reasons stated above, his motion to vacate, set aside, or correct his sentence (Doc. 1) pursuant to 28 U.S.C. § 2255 is **DENIED**. This civil action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

---

[2] Although an evidentiary hearing is necessary when a petitioner alleges facts that, if true, would entitle him to relief, *Mayberry*, 904 F.3d at 532, the Court need not hold a hearing when "the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). The record here makes abundantly clear that Glasper is not entitled to relief, so no hearing is necessary.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires district courts to consider whether to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, a petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)) (emphasis omitted); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (holding that to obtain a certificate of appealability after dismissal on procedural grounds, a petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling").

Here, reasonable jurists would not debate that Glasper's claims are procedurally barred as untimely. Accordingly, a certificate of appealability is denied.

NOTICE OF APPELLATE RIGHTS

If Glasper wishes to contest this Order, he has two options. He may seek review of the Order by the Seventh Circuit or request the undersigned to reconsider the Order before going to the Seventh Circuit. If Glasper chooses to go straight to the Seventh Circuit, he will only be allowed to proceed on his appeal if he first obtains a certificate of

appealability. The undersigned has already declined to issue a certificate of appealability. So, Glasper must request a certificate of appealability from the Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c). He must also file a notice of appeal within 30 days from the entry of judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). The deadline can be extended for a short time only if Glasper files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. Fed. R. App. P. 4(a)(5)(A), (C); *see also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807-08 (7th Cir. 2011) (explaining the excusable neglect standard).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. Fed. R. App. P. 3(e). If Glasper cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* Fed. R. App. P. 24(a)(1)(C). The IFP motion must set forth the issues Glasper plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Glasper wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within 28 days of the entry of judgment, and the deadline *cannot* be

extended. Fed. R. Civ. P. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707-08 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. Fed. R. App. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. Fed. R. App. P. 4(a)(1)(A), (a)(4), & (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day window or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819-20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Glasper showing excusable neglect or good cause.

**IT IS SO ORDERED.**

**DATED:   January 26, 2026**

*[signature: Nancy J. Rosenstengel]*

--------------------------------------------

**NANCY J. ROSENSTENGEL**
**United States District Judge**